**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF VERMONT**

KAREN CEGALIS,                                    )
                                                  )
            Plaintiff,                            )
                                                  )
      v.                                          )      Case No. 2:19-cv-153
                                                  )
TRAUMA INSTITUTE & CHILD TRAUMA                   )
INSTITUTE, INC.; RICKY GREENWALD;                 )
BAMBI RATTNER,                                    )
                                                  )
            Defendants.                           )

**OPINION AND ORDER**
**DENYING DEFENDANTS' MOTION TO DISMISS**
**UNDER RULE 41(b) AND ORDERING EARLY NEUTRAL EVALUATION**
(Doc. 47)

Pro se plaintiff Karen Cegalis brings this action against Trauma Institute & Child Trauma Institute, Inc., Ricky Greenwald, and Bambi Rattner (collectively, "Defendants"). Following the court's rulings on Defendants' motion to dismiss for failure to state a claim and their motion for judgment on the pleadings and to dismiss for lack of subject matter jurisdiction, the claims remaining are for abuse of process, breach of the covenant of good faith and fair dealing ("bad faith"), negligent infliction of emotional distress ("NIED"), civil conspiracy, and professional negligence. Plaintiff seeks compensatory and punitive damages.

Now before the Court are Defendants' motions to dismiss under Federal Rule of Civil Procedure 41(b) for failure to prosecute (Doc. 47) and for summary judgment under Federal Rule of Civil Procedure 56 (Doc. 58). Defendants argue, among other things, that Plaintiff cannot show proximate cause and that her claims for personal injury are barred by the statute of limitations. Plaintiff opposes both motions. For the reasons discussed below, Defendants' motion to dismiss under Rule 41(b) is **denied** and the parties are ordered to participate in an ENE session. The Court will consider the motion for summary judgment in the absence of settlement.

**Procedural History**

This action arises out of a lengthy custody dispute involving the Plaintiff, her minor son

L.C., and L.C.'s father, Raymond Knutsen, and stepmother, Marilynn Knutsen.  During that

dispute, the Knutsens accused Plaintiff of sexually abusing L.C. and making threats against them

and L.C.  In an order issued on February 10, 2015 (the "Family Court Order"), the Rutland

Family Court concluded that the allegations were not founded in any facts in the record.  The

Family Court nonetheless granted Raymond Knutsen continued sole custody of L.C. out of

concern for L.C.'s psychological best interest.  As part of the Family Court Order, the Rutland

Family Court directed Raymond Knutsen to obtain the services of a qualified child trauma

therapist for L.C., subject to multiple conditions.  Raymond Knutsen hired Defendants to provide

L.C. with therapy and to testify as experts in litigation concerning Plaintiff's parental alienation.

On September 4, 2019, Plaintiff filed this action and attached the Family Court Order to

her Complaint.  (Docs. 1, 1-2.)  On September 27, 2019, Defendants moved to dismiss Plaintiff's

Complaint for failure to state a claim on which relief could be granted.  (Doc. 5.)  On April 30,

2020, this Court issued an Opinion and Order granting in part and denying in part Defendant's

motion to dismiss.  The Court determined that Plaintiff had stated plausible claims for abuse of

process, bad faith, professional negligence, NIED, and civil conspiracy.  The Court also held that

Plaintiff's request for punitive damages is an issue of fact for a jury to determine.

On May 14, 2020, Defendants filed an Answer to the Complaint (Doc. 12) and, two

weeks later, filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure

12(c) and to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).  Defendants

argued that the Court "essentially rewrote the Family Court Order to dramatically change the

relationship between the trauma therapist and Karen Cegalis."  (Doc. 14 at 2.)  Defendants also

argued the Court lacked subject matter jurisdiction over the action as a result of either the

*Rooker-Feldman* doctrine or the domestic relations exception because this case arises out of a state family court domestic dispute. During the summer of 2020, discovery proceeded. On December 1, 2020, a revised stipulated discovery schedule/order was issued. (Doc. 34.)

On March 4, 2021, the Court denied Defendants' motion. With regard to the Family Court order, the Court explained:

> This Court examined the Family Court Order for the sole purpose of seeing whether, in the context of a motion to dismiss with all inferences drawn for Plaintiff, Plaintiff has made out a plausible claim. Thus, the Court did not rewrite the Family Court Order to change the nature of the relationship of the therapist to Cegalis. Rather, the Court applied the burdens of a motion to dismiss, drawing all reasonable inferences for the nonmoving party. This Court never found that Defendants violated a contractual relationship contained in the Family Court Order or that the Family Court Order established a special relationship between Plaintiff and Defendants. Instead, this Court found that Plaintiff stated plausible claims under [Rule] 12(b)(6). In denying Defendant's Motion . . . on the "Bad Faith" claim, this Court found in part that "[b]ecause the Family Court Order explicitly delineates proper accountability measures between Plaintiff and L.C.'s therapist . . . , Plaintiff has stated a plausible claim that Defendants owed contractual duties to her based on the Family Court Order and the ensuing retainer agreement." In denying Defendants' Motion . . . on the professional negligence claim, this Court wrote that "[i]t is beyond the Court's role to determine whether the Family Court Order did establish a special relationship between Plaintiff and Defendants at this stage, as this is a question of fact for a jury. However, Plaintiff has made a plausible claim that the Family Court Order gave her a limited 'right to protection' during L.C.'s course of therapy." In denying Defendants' Motion . . . on the [NIED] claim, the Court found, among other things, that "Plaintiff has made a plausible claim of NIED under [Rule] 12(b)(6)" where the "Family Court Order established obligations that were envisioned to flow from Defendants to Plaintiff regarding L.C.'s course of therapy[.]" . . . In denying Defendants' Motion . . . on the civil conspiracy claim, this Court wrote that Plaintiff "attests that Defendants defied the Family Court Order at the behest of the Knutsens, and that Defendants rendered professionally negligent psychological opinions in collusion with them to her detriment. Taking Plaintiff's factual allegations to be true, she has made a plausible claim that the Defendants engaged in the allegedly tortious actions discussed above in collaboration with the Knutsens, who had technically hired them pursuant to the Family Court Order."

(Doc. 35 at 5–7 (internal citations omitted).) In denying the motion for judgment on the pleadings, the Court emphasized that "It will ultimately be up to the jury to decide the questions of fact." *Id.* at 7.

On June 15, 2021, a revised stipulated discovery schedule/order was issued.  (Doc. 38.) On August 20, 2021, Plaintiff's attorney moved to withdraw.  (Doc. 39.)  On September 9, 2021, the Court granted the motion to withdraw and ordered Plaintiff to have replacement counsel appear or to assert self-representation.  On October 7, 2021, Plaintiff filed a notice of "temporary" pro se appearance.  (Doc. 41.)  On November 5, 2021, the Court issued an Order to Show Cause as to why the case should not be dismissed for lack of prosecution and Plaintiff was warned that a failure to file a response "may result in the dismissal of this case."  (Doc. 43 at 1.) On November 17, 2021, Plaintiff filed a motion to continue which the Court denied the next day. The Court ordered the parties to submit a revised discovery schedule.

On December 1, 2021, Defendants filed their pending motion to dismiss under Rule 41(b).  On December 2, Plaintiff moved for reconsideration of the denial of her motion to continue and Defendants opposed.  (Docs. 48, 49.)  On December 27, 2021, Plaintiff filed a non-compliant proposed discovery schedule.  (*See* Docs. 50, 51.)  On January 3, 2022, Plaintiff filed her opposition to Defendant's motion to dismiss and Defendants replied three days later.  (Docs. 52, 54.)  On January 31, 2022, Plaintiff filed another motion to continue which Defendants opposed.  (Docs. 55, 56.)

On March 17, 2022, Defendants filed their pending motion for summary judgment. (Doc. 58.)  On March 28, Plaintiff filed a notice of attorney "pre-engagement" and also sought an extension of time to oppose.  (Docs. 59, 60.)  The same day, the Court denied Plaintiff's motion for reconsideration and denied without prejudice her motion for extension.  (Doc. 61.) Plaintiff's April 15, 2022 renewed request for an extension was granted on May 5, 2022, and Plaintiff opposed Defendants' motion for summary judgment on June 6, 2022.  (Docs. 63–65.) Defendants replied on June 21, 2022 (Doc. 68), and the Court took the pending motions under advisement.

4

**Discussion**

I.    **Defendants' Motion to Dismiss under Rule 41(b)**

    A.    **Standard of Review**

        Dismissal for failure to prosecute is governed by Federal Rule of Civil Procedure 41(b), which provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b).  The Second Circuit has stated that failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics."  *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 2001).  The Second Circuit has also explained that dismissal is "a harsh remedy to be utilized only in extreme situations."  *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (internal quotation marks omitted); *see also Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 665 (2d Cir. 1980) (discussing the sanction of dismissal for failure to prosecute as "pungent, rarely used, and conclusive").  This is particularly true in *pro se* cases, where dismissal for failure to prosecute should be granted only "when the circumstances are sufficiently extreme."  *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

        The following factors, none of which is dispositive, must be considered when determining whether dismissal for failure to prosecute is warranted: (1) the duration of the plaintiff's failures, (2) whether the plaintiff received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights, and (5) whether lesser sanctions would be appropriate.

*See Baptiste v. Sommers*, 768 F.3d 212, 214, 216 (2d Cir. 2014).  No one factor is dispositive, *Lewis*, 564 F.3d at 576, and dismissal under Rule 41(b) is subject to the sound discretion of the district court, *see United States v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004).

### B.    Analysis

Defendants argue Plaintiff's case should be dismissed under Rule 41(b) because she "has effectively failed to obey four court orders," Plaintiff was warned the case could be dismissed for failure to prosecute, Defendants will be prejudiced by further delay, and Plaintiff is "a seasoned pro se."  (Doc. 47 at 8.)  Plaintiff opposes the motion for dismissal.

This case has been pending since 2019 and Plaintiff was originally represented by counsel.  In response to a September 9, 2021 Order of the Court granting of her former counsel's motion to withdraw, on October 7, she filed a notice of "temporary" pro se appearance.  (Doc. 41.)  On November 5, the court issued an Order to Show Cause why the case should not be dismissed for lack of prosecution.  On November 17, Plaintiff filed a motion to continue explaining that she was "making earnest efforts to obtain counsel" and seeking a six-month continuance.  (Doc. 44.)  Defendants opposed the motion and the Court denied it the next day, ordering the parties to "submit a revised discovery schedule order" within thirty days.  (Doc. 46.)  On December 1, 2021, Defendants moved to dismiss the entire action under Rule 41(b).  On December 27, Plaintiff filed a proposed discovery schedule that did not comply with the Court's rules.  *See* Docs. 50, 51.  Before the Court is also Defendants' fully briefed motion for summary judgment.

Considering the factors for dismissal under Rule 41(b), the delay in this case is minimal, Plaintiff has diligently sought continuances from the Court, and she has responded to all motions filed by Defendants.  These factors distinguish this case from others in which the Court has granted motions to dismiss under Rule 41(b).  *See Marshall v. Hanson*, 2016 WL 2588168, at *2

(D. Vt. May 4, 2016) (granting Rule 41(b) motion where, despite multiple extensions to file an amended pleading, "nearly a year [passed] since either Plaintiff filed anything with the Court"); *compare Long v. Parry*, 304 F.R.D. 463, 465–66 (D. Vt. 2015) (denying Rule 41(b) motion notwithstanding that "Plaintiff waited over a year before sending a letter inquiring into the status of the case"). Additionally, Defendants' assertion of prejudice fails to describe any significant concrete examples of how they will be prejudiced by further delay. Their general statement that the "risk of loss of memories and witnesses can increase significantly with the passage of time," (Doc. 47 at 9), is speculative. Defendants fail to identify specific pieces of evidence that they have reason to believe may have disappeared. Defendants' purported prejudice does not outweigh other factors in Plaintiff's favor including that she has not yet had a chance to have her remaining claims tested on the merits.

In this case, Defendant's motion for summary judgment is fully briefed and ready for the Court's consideration. The Second Circuit has expressed a preference for a decision on the merits over a dismissal for failure to prosecute. *See LeSane*, 239 F.3d at 211 (vacating dismissal of a pro se action pursuant to Rule 41(b) and remanding with instructions to consider the merits of unopposed summary judgment motion). In keeping with the Second Circuit's guidance that "pro se plaintiffs should be granted special leniency regarding procedural matters," *id.* at 209, and finding that the circumstances of this case are not "sufficiently extreme" to warrant dismissal for failure to prosecute, *see Lucas*, 84 F.3d at 535, the Court declines to impose such a "harsh remedy," *see Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009). Based on this guidance, together with the Court's preference to decide cases—particularly when a pro se party is involved—on their merits, the Court declines to bar Plaintiff's claims for failure to prosecute. *See Morales v. Pallito*, No. 13-cv-0271, 2014 WL 1758163, at *4 (D. Vt. Apr. 30, 2014)

("[T]here is a general preference to decide disputes on their merits.").  Accordingly, Defendant's

motion to dismiss (Doc. 47) is **denied.**

## II.    **Early Neutral Evaluation**

This Court's Local Rules require certain civil cases, including this one, to participate in

Early Neutral Evaluation ("ENE").  ENE is "meant to reduce costs and litigation by providing

litigants the opportunity . . . to hear a neutral assessment of the strengths and weaknesses of each

party's case; . . . for realistic settlement negotiations; and . . . in the absence of settlement, to

narrow issues[.]"  D. Vt. L.R. 16.1(a).  An "ENE session should take place near the midpoint of

the . . . discovery period." *id.* 16.1(f)(1).

In this case, on May 29, 2020, Michael J. Marks, Esq. was assigned as evaluator.  *See*

Doc. 16.  In the June 15, 2021 revised stipulated discovery schedule/order, the parties agreed that

an ENE session with Attorney Marks would be conducted on November 12, 2021, *see* Doc. 38

at 1, however, no Evaluator's Report has been filed.  To the Court's knowledge, to date, the

parties have not participated in an ENE session.  Accordingly, before the Court will consider the

pending motion for summary judgment, the parties shall participate in an ENE session with

Attorney Marks in a genuine effort to settle or narrow the scope of the dispute.  In the event the

case does not settle, the Court may order additional briefing on the pending summary judgment

motion.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss the case under Federal

Rule of Civil Procedure 41(b) (Doc. 47) is DENIED.  Because the parties have not yet engaged

in ENE as required under Local Rule 16.1, the Court orders the parties to participate in an ENE

session with Michael J. Marks, Esq.  It shall be conducted at a date, on or before December 1,

2022, and place to be agreed upon by the parties.  The parties shall inform the Court in writing of the chosen date by October 26, 2022.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 26th day of September 2022.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge
